IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVIE PRESTON DEAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | 2:08-CV-205 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner STEVIE PRESTON DEAN has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 108th District Court of Potter County, Texas for the offense of evading arrest with a vehicle and the resultant ten-year sentence. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that Petitioner's federal application for habeas corpus relief should be DENIED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

In April 2006, petitioner was indicted for evading arrest with a vehicle. (Clerk's Record [hereinafter CR], pg. 3). The indictment included two enhancement paragraphs—both for previous incidents of evading arrest. (*Id.*). After a day-long trial in June 2006, a jury found petitioner guilty of the offense and sentenced him to serve a ten-year term of incarceration and pay a $10,000 fine.

(Reporter's Record [hereinafter RR], vol. 2, pg. 159-60).

In September 2007, the judgment was affirmed on direct appeal, after petitioner's attorney filed an *Ander's* brief; petitioner did not seek a petition for discretionary review. *See Dean v. State*, No. 07-06-0245-CR, 2007 WL 2522952 (Tex. App.—Amarillo Sept. 6, 2007, no pet.). Petitioner applied for state habeas corpus relief in February 2008. *In re Dean*, WR-28,316-04. Such relief was denied without written order in May 2008. This petition for federal habeas corpus relief followed.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend the respondent is holding him in violation of his rights under the Sixth and Fourteenth Amendments of the Constitution because he received ineffective assistance of counsel at trial, as follows:

1. Petitioner's attorney failed to file a motion to strike the enhancement paragraphs in the indictment.

2. Petitioner's attorney stipulated to the prior convictions without petitioner's consent.

(Memorandum of Law in Support of Petition for a Writ of Habeas Corpus by a Person in State Custody [hereinafter "Petitioner's Memo"], pg. 4).

## III.
## STANDARD OF REVIEW

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). All factual determinations made by a state court are

presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Here, the state court heard and adjudicated, on the merits, the claims petitioner presents to this Court. More specifically, the Texas Court of Criminals Appeals denied petitioner's application for state habeas relief without a written order. A denial without written order is an adjudication on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997). Petitioner's burden is significantly heightened in that petitioner cannot prevail even if it is shown that the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied Neal v. Epps*, 123 S. Ct. 963, 154 L. Ed. 2d 772 (2003).

Petitioner has failed to meet this burden. Rather than explaining why the state court's determination was incorrect, petitioner merely restates the grounds of error he presented to the state court. As detailed below, had petitioner correctly claimed unreasonableness by the state court, there is nothing in the record to support such a contention. A review of the merits of petitioner's ineffective assistance of counsel claims confirms that this petition should be denied.

IV.
INEFFECTIVE ASSISTANCE OF COUNSEL

The proper standard for judging a petitioner's contention he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial.

*Id.* at 687, 104 S. Ct. at 2064. An attorney's performance was deficient if it fell below the standards of reasonably competent representation as determined by the norms of the profession. *Id.* A reviewing court's scrutiny of trial counsel's performance is highly differential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S. Ct. at 2065.

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Id.* at 687, 104 S. Ct. at 2064. Specifically, to prove prejudice a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998).

V.
THE MERITS OF PETITIONER'S CONTENTIONS

Under Texas law, evading arrest, which is the crime petitioner was found guilty of, is considered a third-degree felony if "the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section." TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (Vernon 2003). A third degree felony is punishable by between a two- and ten-year term of incarceration and a fine of up to $10,000. *Id.* § 12.34. If during the trial of a third-degree felony offense it is shown "that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony." *Id.* § 12.42(a)(3). A second degree felony is punishable by between a two- and twenty-year term of incarceration and a fine of up to $10,000.

*Id.* § 12.33. Petitioner was found guilty of third-degree evading arrest because of prior evading arrest convictions. He was punished under the second-degree felony statute because of a prior first-degree felony conviction for delivery of a controlled substance.

### A. *Motion to Strike*

Petitioner first contends his attorney should have filed a motion to strike the two enhancement paragraphs in the indictment, which the trial judge would have granted, thereby reducing petitioner's sentence. The first enhancement paragraph was for evading arrest, cause number 113105 out of Potter County, Texas, on November 18, 2006,[1] and the second was for evading arrest, cause number 95053 out of Potter County, Texas, on January 23, 2002. (CR, pg. 3).

Evidence of prior convictions is admissible in order to prove the defendant falls into a particular statutory classification, *i.e.*, the prosecutor can generally enter evidence of prior crimes committed by the defendant and there is no objection to keep that evidence from being admitted (apart from those established in the Texas Rules of Evidence, which are not at issue in this case). *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).

Petitioner correctly states that his attorney did not file a motion to strike evidence of these prior convictions. In fact, during the guilt/innocence stage of trial, the prosecutor offered into evidence the judgments for the prior evading arrest convictions without objection. (RR vol. 2, pg. 136). A motion to strike such evidence, however, likely would have failed. *See Flowers*, 220 S.W.3d at 921. Petitioner never states on what grounds the trial judge could have excluded the evidence had his attorney filed the motion to strike. Rather, petitioner simply states, "[h]ad counsel filed a pretrial motion to strike the prior enhancements pled by the State in the indictment, the trial

---

[1] This date should have been November 18, 2005, and was so amended before trial. (RR vol. 2, pg. 9-10).

court would have granted such a motion." (Petitioner's Memo, pg. 4).  This conclusory statement is insufficient to warrant federal habeas corpus relief.  *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) ("Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").[2]

Not only is petitioner's conclusory, and unlikely, assumption that the trial judge would have granted a motion to strike insufficient to raise a constitutional issue, it falls far short of meeting the *Strickland* requirements.  Petitioner's attorney was not deficient in failing to file a motion to strike that was bound to fail.  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding an attorney does not render ineffective assistance by failing to make futile motions).  Even if there were any grounds on which the trial court could have granted such a motion, this Court would presume the attorney's decision to not file such a motion was part of reasoned trial strategy.  *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.  Petitioner does nothing to overcome this presumption and has failed to demonstrate his attorney's decision not to file a motion to strike violated his constitutional rights.

*B.  Stipulation to Prior Conviction*

In his next ground of error, petitioner avers he received ineffective assistance of counsel because his attorney stipulated to a prior conviction without petitioner's approval.  As discussed above, if during the trial of a third-degree felony offense, it is shown "that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony." TEX. PENAL CODE ANN. § 12.42(a)(3).  During the punishment phase of the trial, the prosecutor introduced, without objection, a judgment against petitioner for the state jail felony of delivery of

---

[2] In his reply to respondent's answer, petitioner contends his allegations are not conclusory and are supported by the record.  Petitioner fails, however, to include a single cite to the record or analytical argument in his petition, memo supporting the petition, or reply to respondent's answer confirming his allegations.

a controlled substance. (RR vol. 3, State's Exhibit 5). At this stage, the prosecutor additionally introduced into evidence, without objection, petitioner's pen packet, which contained prior judgments against petitioner for the first-degree felony of delivery of a controlled substance, the second-degree felony of possession of a controlled substance, and the second-degree felony of burglary of a building. (RR vol. 3, State's Exhibit 4). At trial, the defense stipulated to the first-degree delivery of a controlled substance conviction. (RR vol. 2, pg. 147). The trial court instructed the jury according to the punishment range for a second-degree felony. (RR vol. 2, pg. 149). The jury sentenced petitioner to a ten-year term of incarceration and a $10,000 fine.

Initially, petitioner fails to demonstrate how his attorney's action of stipulating to his prior conviction for delivery of a controlled substance was deficient. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The Court must strongly presume that trial counsel rendered adequate assistance and that his choice to stipulate to a prior conviction rather than make the State prove it up was the product of a reasoned trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). There are several reasons why a competent attorney would choose to stipulate to a prior conviction at the punishment stage of trial, and this Court presumes petitioner's trial attorney made such a strategic decision to stipulate. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Wilkerson*, 950 F.2d at 1065. Petitioner's own conclusory statement, "Counsel's stipulation to the prior convictions was not based on an informed decision and diffinetly [sic] not trial strategy" is insufficient to overcome this presumption. ("Plaintiff's Reply to Respondents Quarterman's Answer with Brief in Support," pg. 2).

Assuming, *arguendo*, petitioner's attorney was deficient in stipulating to the prior conviction, there was no harm resulting from such a deficiency. If petitioner's attorney had not stipulated to the

conviction, then the State would have had to prove petitioner was the same "Stevie Preston Dean" who was previously convicted of the offense. It is well recognized "prior convictions are facts 'of the kind that generally can be clearly proved with relative ease [even] absent admission.'" *Joseph v. Butler*, 838 F.2d 786, 791 (5th Cir. 1988) (quoting *Buckley v. Butler*, 825 F.2d 895, 904 (5th Cir. 1987)). And while petitioner states, "he would not have pled true to the prior convictions in the pen packet[]," he never contends that he is not the same person who was previously convicted of the crime to which his attorney stipulated. Even if petitioner had argued he had not committed the crime to which his attorney stipulated, he presents nothing to this Court indicating that he was, in fact, subject to a case of mistaken identity and received a repeat offender enhancement for a crime he never committed. Thus, petitioner has failed to demonstrate that the result of the proceeding would have been any different had his attorney not stipulated to the prior offense. *See Creel*, 162 F.3d at 395. Petitioner's second contention of ineffective assistance of counsel is without merit.[3]

## VI.
## RECOMMENDATION

Petitioner has failed to present any meritorious constitutional claim. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner a

---

[3] Included as part of his argument regarding his attorney's stipulation to the prior conviction is petitioner's argument that the State used the same convictions to enhance his punishment twice. (Petitioner's Memo, pg. 6). Petitioner misunderstands what occurred at his trial. Because petitioner committed the specific crime of evading arrest or detention on at least one occasion prior to his trial, the classification *of his offense* was increased (under section 38.04(b)(2)(A) of the Texas Penal Code) to a third-degree felony. Further, because petitioner had previously committed at least one felony of delivery of a controlled substance, apart from his evading arrest convictions, prior to his trial, his classification *as an offender* was increased (under section 12.34 of the Texas Penal Code) to repeat offender. Therefore, petitioner's contention that the State "double dipped" and used the same offense to increase his jail time is unfounded—the evading arrest misdemeanors were used (one time) to increase the classification of the offense and the delivery felony was used (one time) to increase the classification of the offender.

STEVIE PRESTON DEAN be DENIED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of July 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).